UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| STEVEN C. CRABB, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  4:25-cv-04058-MMM |
| | ) |
| WEXFORD HEALTHCARE SERVICES, | ) |
| | ) |
| Defendant. | ) |

### ORDER

Plaintiff, proceeding pro se and presently civilly detained at Rushville Treatment and Detention Facility, alleges Defendant violated his constitutional rights.

A. <u>Motion to Proceed IFP</u>

Plaintiff's Motion to Proceed in Forma Pauperis (Doc. 4) is granted.

B. <u>Merit Review</u>

The case is now before the Court for a merit review of the Complaint. Doc. 1.

The Court must "screen" Plaintiff's complaint, and through such process identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief

that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

1. Plaintiff's Allegations

Plaintiff names Wexford Healthcare Services as Defendant. He alleges he suffered a gastric stricture that developed over the course of about two years into a progressively worse blockage until, ultimately, he was required to have surgery to remove a portion of his colon, all because Wexford's policies caused the individuals who treated him to continue to pursue ineffective and inapplicable treatments.

2. Application – Medical Care

The Fourteenth Amendment requires objectively reasonable medical care for detainees. *See Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015); *Hardeman v. Curran*, 933 F.3d 816, 823 (7th Cir. 2019) (extending objectively unreasonable standard to detainee's claims about conditions of confinement, including medical care). The question is whether a reasonable officer, situated as the defendant under consideration was situated, acted in an objectively reasonable way in taking, or failing to take, certain intentional actions in response to the detainee's medical need. *See Echols v. Johnson*, 105 F.4th 973, 978 (7th Cir. 2024), *reh'g denied,* 2024 WL 3992502 (7th Cir. Aug. 29, 2024); *Davis v. Rook*, 107 F.4th 777, 780 (7th Cir. 2024).

Plaintiff states a claim for objectively unreasonable medical care against Defendant Wexford. Plaintiff has alleged that Wexford's policies were the moving force behind him receiving a constitutionally deficient course of treatment causing injury.

**IT IS THEREFORE ORDERED:**

    1.    Plaintiff's Motion to Proceed in Forma Pauperis [4] is GRANTED.

    2.    Plaintiff's Motion for Status [7] is MOOT.

    3.    Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that the plaintiff states a claim for objectively unreasonable medical care against Defendant Wexford. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

    4.    This case is now in the process of service. The plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give notice to the defendants and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the court.

    5.    The court will attempt service on the defendants by mailing each defendant a waiver of service. The defendants have 60 days from the date the waiver is sent to file an answer. If the defendants have not filed answers or appeared through counsel within 90 days of the entry of this order, the plaintiff may file a motion requesting the status of service. After the defendants have been served, the court will enter an order setting discovery and dispositive motion deadlines.

    6.    With respect to a defendant who no longer works at the address provided by the plaintiff, the entity for whom that defendant worked while at that address shall provide to the clerk said defendant's current work address, or, if not known, said defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the clerk and shall not be maintained in the public docket nor disclosed by the clerk.

    7.    The defendants shall file an answer within 60 days of the date the waiver is sent by the clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this opinion. In general, an answer sets forth the defendants' positions. The court does not rule on the merits of those positions unless and until a motion is filed by the defendants. Therefore, no response to the answer is necessary or will be considered.

    8.    This district uses electronic filing, which means that, after defense counsel has filed an appearance, defense counsel will automatically receive electronic notice of any motion or other paper filed by the plaintiff with the clerk.

The plaintiff does not need to mail to defense counsel copies of motions and other papers that the plaintiff has filed with the clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the clerk. The plaintiff must mail his discovery requests and responses directly to defendants' counsel. Discovery requests or responses sent to the clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel. Discovery does not begin until defense counsel has filed an appearance and the court has entered a scheduling order, which will explain the discovery process in more detail.

9. Counsel for the defendants is hereby granted leave to depose the plaintiff at his place of confinement. Counsel for the defendants shall arrange the time for the deposition.

10. The plaintiff shall immediately notify the court, in writing, of any change in his mailing address and telephone number. The plaintiff's failure to notify the court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

11. If a defendant fails to sign and return a waiver of service to the clerk within thirty days after the waiver is sent, the court will take appropriate steps to effect formal service through the U.S. Marshals service on that defendant and will require that defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

12. The clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

Entered this 4th day of February, 2026.

*s/Michael M. Mihm*
_____
MICHAEL M. MIHM
UNITED STATES DISTRICT JUDGE
